# EXHIBIT A

V.T.C.A., Bus. & C. § 4.208

# § 4.208. Presentment Warranties

Effective: September 1, 2005

Currentness

(a) If an unaccepted draft is presented to the drawee for payment or acceptance and the drawee pays or accepts the draft, (i) the person obtaining payment or acceptance, at the time of presentment, and (ii) a previous transferor of the draft, at the time of transfer, warrant to the drawee that pays or accepts the draft in good faith that:

(1) the warrantor is, or was, at the time the warrantor transferred the draft, a person entitled to enforce the draft or authorized to obtain payment or acceptance of the draft on behalf of a person entitled to enforce the draft;

(2) the draft has not been altered;

(3) the warrantor has no knowledge that the signature of the purported drawer of the draft is unauthorized; and

(4) with respect to any remotely-created item, that the person on whose account the item is drawn authorized the issuance of the item in the amount for which the item is drawn.

(b) A drawee making payment may recover from a warrantor damages for breach of warranty equal to the amount paid by the drawee less the amount the drawee received or is entitled to receive from the drawer because of the payment. In addition, the drawee is entitled to compensation for expenses and loss of interest resulting from the breach. The right of the drawee to recover damages under this subsection is not affected by any failure of the drawee to exercise ordinary care in making payment. If the drawee accepts the draft, breach of warranty is a defense to the obligation of the acceptor. If the acceptor makes payment with respect to the draft, the acceptor is entitled to recover from a warrantor for breach of warranty the amounts stated in this subsection.

(c) If a drawee asserts a claim for breach of warranty under Subsection (a) based on an unauthorized indorsement of the draft or an alteration of the draft, the warrantor may defend by proving that the indorsement is effective under Section 3.404 or 3.405 or the drawer is precluded under Section 3.406 or 4.406 from asserting against the drawee the unauthorized

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

indorsement or alteration.

(d) If (i) a dishonored draft is presented for payment to the drawer or an indorser, or (ii) any other item is presented for payment to a party obliged to pay the item, and the item is paid, the person obtaining payment and a prior transferor of the item warrant to the person making payment in good faith that the warrantor is, or was, at the time the warrantor transferred the item, a person entitled to enforce the item or authorized to obtain payment on behalf of a person entitled to enforce the item. The person making payment may recover from any warrantor for breach of warranty an amount equal to the amount paid plus expenses and loss of interest resulting from the breach.

(e) The warranties stated in Subsections (a) and (d) cannot be disclaimed with respect to checks. Unless notice of a claim for breach of warranty is given to the warrantor within 30 days after the claimant has reason to know of the breach and the identity of the warrantor, the warrantor is discharged to the extent of any loss caused by the delay in giving notice of the claim.

(f) A cause of action for breach of warranty under this section accrues when the claimant has reason to know of the breach.

(g) If as to a particular item (1) a transferee (including a collecting bank) asserts a claim for breach of the warranty under Subsection (a)(4), but (2) under applicable law (including the applicable choice-of-law principles) that transferee would not make a warranty substantially similar to the warranty in Subsection (a)(4) if such transferee were a transferor, then that transferee would not receive the warranty in Subsection (a)(4) from any transferor.

**Credits**

Added by Acts 1995, 74th Leg., ch. 921, § 4, eff. Jan. 1, 1996. Amended by Acts 1997, 75th Leg., ch. 131, § 6, eff. Sept. 1, 1997; Acts 2005, 79th Leg., ch. 95, § 17, eff. Sept. 1, 2005.

**Editors' Notes**

**UNIFORM COMMERCIAL CODE COMMENT**

**2021 Main Volume**

1. This section conforms to Section 3-417 and extends its coverage to items. The substance of this section is discussed in the Comment to Section 3-417. "Draft" is defined in Section 4-104 as including an item that is an order to pay so as to make clear that the term "draft" in Article 4 may include items that are not instruments within Section 3-104.

2. For an explanation of subsection (a)(4), see comment 8 to Section 3-416.

**STATE BAR COMMITTEE COMMENT**

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

**2021 Main Volume**

*See* the State Bar of Texas Business Law Section Comments to Section 4.207 in reference to the warranty dealing with remotely created items in subsection (a)(4).

**2025 Electronic Update**

In *Cadence Bank v. JPMorgan Chase, N.A.*, No. 4:23-cv-02678, 2024 WL 5358446 (S.D. Tex. Dec. 5, 2024) *report and recommendation adopted by* No. CV H-23-2678, 2025 WL 307463 (S.D. Tex. Jan. 27, 2025)and *SouthStar Bank, S.S.B. v. JPMorgan Chase Bank, N.A.*, No. 24-CV-4593, 2025 WL 2052310 (S.D. Tex. July 22, 2025), the court held that in the case of a counterfeit check, meaning a check on which the drawer's signature is forged or otherwise unauthorized, final payment under Texas Business and Commerce Code ("TBCC") Section 4.215 precluded an action to recover the collected amount remaining in the fraudster's account at the depositary bank. According to these cases, with a counterfeit check, the payor bank may not recover for breach of warranty from the depositary bank unless that bank knew that the signature of the purported drawer was unauthorized based on the presentment warranties in TBCC Section 4.208(a)(3). If the depository bank has no such knowledge, unless the payor bank is permitted through other means to recover the collected funds remaining in the account from the depositary bank, that bank could turn those funds over to the fraudster with impunity even if it was on notice of the fraud. The Committee believes that this result is wrong and that these cases are based on an inaccurate reading of the TBCC.

The payor bank should continue to have a cause of action against the depositary bank under TBCC Section 3.418(a), a provision based on the law of mistake and restitution that states in relevant part that "[e]xcept as provided in subsection (c), if the drawee of a draft pays ... the draft and the drawee acted on the mistaken belief that ... the signature of the drawer of the draft was authorized, the drawee may recover the amount of the draft from the person to whom or for whose benefit payment was made …." Section 3.418(c) protects the depositary bank to the extent it changed position in reliance on the payment in good faith, but this provision would not insulate it from liability for the funds remaining in the account after receiving notice of the fraud.

There is no doubt that the statutory restitution action remains available notwithstanding final payment. The language of TBCC Section 3.418 is clear, as is Comment 7 to TBCC Section 4.301, which states that "[t]he fact that an item has been paid under … Section 4-215 does not preclude the payor bank from asserting rights of restitution or revocation under Section 3-418." This comment makes clear that there is no conflict between TBCC Chapters 3 and 4 on this issue, and thus the provisions of Chapter 3 are applicable per TBCC Section 4.102(a).

TBCC Section 3.418(b) governs situations in which restitution is appropriate but the facts do not fall with subsection (a). That subsection, which like subsection (a) is subject to subsection (c), states in relevant part that "if an instrument has been paid … by mistake and the case is not covered by subsection (a), the person paying … may, to the extent permitted by the law governing mistake and restitution, … recover the payment from the person to whom or for whose benefit payment was made …." Accordingly, restitutionary theories such as unjust enrichment and money had and received (explicitly referenced in TBCC Section 3.118(g)(1)) are available in appropriate circumstances notwithstanding final payment of a check.

Relevant Additional Resources
Additional Resources listed below contain your search terms.

**HISTORICAL AND STATUTORY NOTES**

Section 9 of Acts 1995, 74th Leg. ch. 921 provides:

“(a) This Act does not affect an action or proceeding that is commenced or a right that accrues before the effective date [January 1, 1996].

“(b) An action or proceeding that is commenced or a right that accrues before the effective date of this Act is governed by the law in effect on the date the action or proceeding was commenced or the right accrued, and that law is continued in effect for that purpose.”

Acts 1997, 75th Leg., ch. 131, in subsec. (a), added subd. (4); and added subsec. (g).

**2005 Legislation**

Acts 2005, 79th Leg., ch. 95 rewrote subsecs. (a)(4) and (g) which prior thereto read:

“(a)(4) if the instrument is a demand draft, the creation of the draft according to the terms on its face was authorized by the person identified as drawer.”

“(g) If the warranty under Subsection (a)(4) is not given by a transferor under applicable conflict of law rules, the warranty is not given to that transferor when that transferor is a transferee.”

**Uniform Law:**

This section is similar to § 4-208 of the Uniform Commercial Code. See Vol. 2B, Uniform Laws Annotated, Master Edition or the Uniform Laws Annotated on Westlaw.

**Prior Laws:**

Acts 1965, 59th Leg., vol. 2, p. 89, ch. 721, § 4-207.

Acts 1967, 60th Leg., p. 2343, ch. 785, § 1.

**Former Sections:**

Former chapter 4, Bank Deposits and Collections, was amended as this chapter by Acts 1995, 74th Leg., ch. 921, § 4, effective Jan. 1, 1996. For the subject matter of former § 4.208, see, now, V.T.C.A., Bus. & C. Code § 4.210.

Notes of Decisions containing your search terms (0)
View all 3


© 2026 Thomson Reuters. No claim to original U.S. Government Works.

**O'CONNOR'S ANNOTATIONS**

***Jay Zabel & Assocs. v. Compass Bank***, 527 S.W.3d 545, 549 (Tex.App.--Houston [1st Dist.] 2017, no pet.). "[A]n Illinois law firm[ ] appeals the trial court's denial of its special appearance in a suit brought against it by [P]. [P] asserts that the trial court has specific personal jurisdiction over [law firm] because the bank's causes of action arise from [law firm's] purposeful contacts with the State of Texas. *At 556:* [P] also relies on additional UCC provisions to establish specific personal jurisdiction over [law firm]. [P] argues that, under the terms of these provisions, [law firm] made statutory presentment … warranties to [P] in Texas when [law firm] indorsed the Check and deposited it in its own bank in Illinois. … Because the Check was a counterfeit, [P] claims that [law firm] breached the statutory warranties in Texas when the Check was presented for payment to [P]. [¶] We agree with [law firm] that the alleged statutory warranties do not provide personal jurisdiction over it. The statutory warranty provisions concern issues of substantive law, not jurisdictional issues. Statutory liability does not equate to, and is not a substitute for, the due-process requirement that a defendant must purposefully direct its conduct into a forum state."

***Bank of Am. v. Amarillo Nat'l Bank***, 156 S.W.3d 108, 109 (Tex.App.--Amarillo 2004, no pet.). "[W]e must determine whether a counterfeit or fake check is an altered instrument for purposes of the warranties encompassed in §4.208…. We conclude that it is not…. *At 111:* [B]efore §4.208(a)(2) applies, any alteration must appear or be made on the body of the original instrument, as opposed to appearing simply on a copy of the original."

***Texas Stadium Corp. v. Savings of Am.***, 933 S.W.2d 616, 620 (Tex.App.--Dallas 1996, writ denied). "The question is whether a drawer constitutes an 'other payor.' *At 622:* The UCC was intentionally structured so that a drawer could sue only its drawee bank and the drawee bank, in turn, could sue the collecting bank. … For these reasons, we conclude that [drawer] is not an 'other payor' within the meaning of [Tex. Bus. & Com. Code] §4.207 and, thus, that [drawer] cannot bring a direct action against [bank] for breach of the presentment warranties."

***Longview Bank & Trust Co. v. First Nat'l Bank***, 750 S.W.2d 297, 300 (Tex.App.--Fort Worth 1988, no writ). "[T]he missing endorsement of a co-payee which is not in the alternative *is a breach of the presentment warranty of good title*."

V. T. C. A., Bus. & C. § 4.208, TX BUS & COM § 4.208
Current through the end of the 2025 Regular and Second Called Sessions of the 89th Legislature.

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.