IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BUCKHOLTS STATE BANK, SUSSER BANK, AND CIERA BANK, on behalf of themselves and all others similarly situated,<br>　　　　　Plaintiffs,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br>　　　　　Defendant. | §§§§§§§§§§§ | CIVIL NO. A-25-CV-52-RP |

## ORDER

Before the court is Defendant's Defendant Navy Federal Credit Union's ("NFCU") Motion to Dismiss Under Rule 12(b)(6) and Motion to Strike Class Allegations Under Rule 23 and Brief In Support (Dkt. 26) and all related briefing.[1]

Plaintiffs Buckholts State Bank, Susser Bank, and Ciera Bank (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, bring suit against NFCU. Dkt. 23 ("SAC"). Plaintiffs assert their customers have written checks that have been intercepted and fraudulently deposited into accounts at NFCU. Not realizing the fraud, Plaintiffs have then transferred money to NFCU to pay for the checks. SAC ¶¶ 25-27. Plaintiffs allege NFCU's lax policies have allowed this check fraud to repeatedly occur.

Plaintiffs assert claims under the UCC for breach of warranties, UCC §§ 3-416, 3-417, 4-207, 4-208, SAC ¶¶ 42-47; money had and received under UCC § 3-118, SAC ¶¶ 48-52; "unjust enrichment and other similar claims under UCC § 3-118(G), SAC ¶¶ 53-62; negligence under

---

[1] The motion was referred by United States District Robert Pitman to the undersigned for a Report and Recommendation as to the merits, pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order dated October 3, 2025.

1

UCC § 3-406, SAC ¶¶ 63-73; breach of contracts based on the check as a contract, SAC ¶¶ 74-80; and claims under Reg CC Warranties and UCC § 3-418(A), SAC ¶¶ 81-84. NFCU moves to dismiss, arguing UCC § 4.208 is the only potentially applicable provision and all non-UCC claims mut be dismissed as preempted. NFCU also asserts Plaintiffs' claims are not appropriate for class treatment.

Plaintiffs assert their statutory claims under the UCC, but the UCC itself is not law. Each state must adopt the UCC. Texas's version of the UCC is codified in the Business and Commerce Code. *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 381 (Tex. 2011). However, not every state adopts the exact same language. *See* Dkt. 31 Exhibits 1 & 2 (model UCC §§ 4-207, 4-208 and codified versions of those provisions in all states). "As seen in these Exhibits, the adopted versions of UCC §§ 4–207 and 4–208 are *substantially similar* throughout the United States." Dkt. 31 at 20 (emphasis added). Moreover, state courts and federal courts sitting in diversity then interpret what their codified versions mean. *See Cadence Bank v. JPMorgan Chase, N.A.*, No. 4:23-cv-02678, 2024 WL 5358446 (S.D. Tex. Dec. 5, 2024) *report and recommendation adopted by* No. CV H-23-2678, 2025 WL 307463 (S.D. Tex. Jan. 27, 2025), and *SouthStar Bank, S.S.B. v. JPMorgan Chase Bank, N.A.*, No. 24-CV-4593, 2025 WL 2052310 (S.D. Tex. July 22, 2025). However, as Plaintiffs point out, the Texas UCC Committee has recently added comments disagreeing with *Cadence Bank* and *SouthStar Bank*. *See* Dkt. 37, Exhibit A.

Further complicating this, the UCC and the Texas Business and Commerce Code provide that where the parties do not agree on which state's law applies, "[this title applies] to transactions bearing an appropriate relation to this state." TEX. BUS. & COMM. CODE § 1.301(a); *see* UCC 1-301(a). However, "[w]here one of the following provisions of this title specifies the applicable law, that provision governs and a contrary agreement is effective only to the extent permitted by

the law (including the conflict of laws rules) so specified: . . . Applicability of the chapter on Bank Deposits and Collections. Section 4.102." TEX. BUS. & COMM. CODE § 1.301(b); *see* UCC 1-301(b). Section 4.102 provides "[t]he liability of a bank for action or non-action with respect to an item handled by it for purposes of presentment, payment, or collection is governed by the law of the place where the bank is located. In the case of action or non-action by or at a branch or separate office of a bank, its liability is governed by the law of the place where the branch or separate office is located." TEX. BUS. & COMM. CODE § 4.102(b); *see* UCC 4-102(b).

Plaintiffs are banks located in Texas. Dkt. 23 (SAC) ¶¶ 5-7. NFCU is headquartered in Virginia, SAC ¶ 8, and has branches in multiple states. Thus, it appears that Texas law likely applies to Plaintiffs' claims, except possibly those brought under UCC Article 4/ Texas Business and Commerce Code Chapter 4.

The parties brief the motion to dismiss as if Texas law applies to all claims, including Chapter/Article 4 claims, but there is no factual basis for that assumption in the Complaint. *See* Dkt. 23 (SAC). Plaintiffs do not plead where the deposits at issue occurred. *See* Dkt. 23 (SAC). Plaintiffs allege the checks were "intercepted in the mail" and at least one check had been mailed to Alabama. SAC ¶ 3, 4, 25.

Accordingly, the court **ORDERS** Plaintiffs to either file supplemental briefing clarifying which state's laws applies to each of its claims or an amended complaint clarifying the factual basis for their claims and the state laws they are asserting **no later than 5 p.m. on February 6, 2026**. If Plaintiffs file supplemental briefing, Defendants may file a responsive supplemental brief **no later than February 10, 2026**.

SIGNED January 22, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE